**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DIANDRE COLLIER aka CARMIN COLLIER, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO and CHICAGO POLICE OFFICER MAHMOUD HALEEM (#14193), <br><br> Defendants. | Case No.: <br><br> Judge: <br><br> **JURY TRIAL DEMANDED** |

## CIVIL COMPLAINT

Plaintiff DIANDRE COLLIER aka CARMIN COLLIER (hereinafter "Plaintiff," "Collier," or "Carmin Collier," and using female she/her pronouns), by and through her undersigned attorneys at First Defense Legal Aid, brings this Complaint against Defendants CITY OF CHICAGO and CHICAGO POLICE OFFICER MAHMOUD HALEEM (#14193), and in support thereof states the following:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of PLAINTIFF CARMIN COLLIER's rights under the Constitution of the United States.

2. On May 31, 2020, CARMIN COLLIER and two friends were approached by Chicago Police Officers in the Ford City Mall parking lot during a peaceful protest to address the recent death of George Floyd by the hands of Minneapolis police officers.

3. As COLLIER complied with officers' orders to leave the premises and began to drive out of the parking lot, Defendant OFFICER MAHMOUD HALEEM (#14193) violently swung a hammer into COLLIER's rear driver's side passenger window of her van, shattering the window into pieces.

4. COLLIER, confused as to what had just happened, exited her vehicle along with her friends and saw Defendant OFFICER HALEEM standing outside her van with a hammer in hand.

5. Defendant OFFICER HALEEM physically shoved and grabbed COLLIER numerous times, including violently wrenching her arm, throughout the incident.

## JURISDICTION AND VENUE

6. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1331 and § 1343(a); and the Constitution of the United States. The Court has supplemental jurisdiction for claims arising under state law under 28 U.S.C. § 1367.

7. Venue is appropriate under 28 U.S.C. § 1391(b), as all defendants reside in this judicial district. In addition, a substantial part of the events giving rise to this claim occurred in this judicial district.

## PARTIES

8. Plaintiff CARMIN COLLIER, whose legal name is DIANDRE COLLIER, is a United States citizen who at all times mentioned herein resided in the Northern District of Illinois.

9. Defendant CITY OF CHICAGO is and at all times mentioned herein was a municipality organized and operating under the statutes of the State of Illinois. It is authorized under the statutes of the State of Illinois to maintain the Chicago Police Department, which acts as the CITY's agent in the area of municipal law enforcement, and for which the CITY is ultimately responsible. Defendant CITY OF CHICAGO was at all times material to this Complaint the employer and principal of Defendant OFFICER MAHMOUD HALEEM (#14193).

10. CHICAGO POLICE OFFICER MAHMOUD HALEEM (#14193) was at all times relevant to this Complaint a duly appointed and sworn law enforcement officer of the CITY OF CHICAGO, which was and is his principal and employer.

11. At all times relevant herein, Defendant OFFICER HALEEM (#14193) was acting in the scope of his employment and under the color of state law.

12. Defendant OFFICER HALEEM (#14193) is sued in his individual capacity.

## FACTS

13. On May 31, 2020, COLLIER was at Ford City Mall shopping with a couple of friends when protests addressing the death of George Floyd broke out.

14. COLLIER's red Chrysler Town and Country van was parked in the lot where the protest was being held.

15. COLLIER and her friends witnessed Chicago police officers antagonizing protestors and decided to stay in the parking lot to observe.

16. Officers ordered that everyone leave the parking lot in order to disperse the protestors.

17. COLLIER and her friends complied with the officers' orders, got into COLLIER's van, and began to drive out of the parking lot.

18. As COLLIER left, Defendant OFFICER HALEEM busted in her driver's side passenger window with a hammer, shattering glass into the back of her van where her small service dog and friend were sitting.

19. COLLIER exited the van, unarmed, only to see that Defendant OFFICER HALEEM was standing outside the vehicle with a hammer in hand.

20. Defendant OFFICER HALEEM, with the hammer still in his hand, yelled at COLLIER and physically shoved and grabbed her, and violently wrenched her arm, as she asked him not to touch her.

21. Defendant OFFICER HALEEM brandished his hammer at all times relevant to this Complaint.

22. Defendant OFFICER HALEEM yelled "Get the fuck out of here" numerous times at both COLLIER and her friend with the hammer in his hand.

23. COLLIER and her friend made their way back into the van and departed, fearing they would be arrested in addition to the indignity and pain of Defendant OFFICER HALEEM's excessive force and verbal abuse.

24. Defendant OFFICER HALEEM, despite having no probable cause that COLLIER had committed any crime, unlawfully seized COLLIER and her property by violently swinging a hammer into COLLIER's driver's side passenger window, causing her to stop her vehicle due to the physical damage incurred.

25. Defendant OFFICER HALEEM additionally seized COLLIER by pushing and grabbing her and wrenching her arm.

26. COLLIER feared that she and her friends would be attacked with the hammer held by Defendant OFFICER HALEEM as he aggressively approached them and shoved her, grabbed her, and wrenched her arm.

27. COLLIER suffered physical injury, emotional distress, property damage, and pain and suffering, among other injuries as a result of Defendant OFFICER HALEEM's actions.

28. COLLIER's physical and emotional injuries have required medical attention and persist to this day.

29. As a direct and proximate result of the acts of Defendant OFFICER HALEEM, COLLIER suffered damages including, but not limited to, physical injury, emotional distress, property damage, and pain and suffering.

**COUNT I: 42 U.S.C. § 1983 – UNLAWFUL SEIZURE OF PERSON AND PROPERTY**

**Against Defendant Officer Haleem**
**(Federal Claim)**

30. COLLIER realleges paragraphs 1-29 as though fully set forth herein.

31. On May 31, 2020, Defendant OFFICER HALEEM unreasonably seized COLLIER and her property.

32. These seizures played out in multiple stages.

33. First, by breaking her window, unjustifiably, Defendant OFFICER HALEEM seized both COLLIER and her property, damaging her vehicle and rendering her unable to leave the parking lot as she had been instructed.

34. Second, while shoving and grabbing COLLIER after she exited the vehicle, and violently wrenching her arm, OFFICER HALEEM retained control of the hammer, contributing to the excessive nature of the force used in this second unreasonable seizure.

35. All these actions were taken despite COLLIER's compliance with Chicago police officers' orders to leave the Ford City Mall parking lot.

36. Defendant OFFICER HALEEM did not have reasonable suspicion or probable cause to believe that COLLIER had committed, was committing, or was about to commit any offense. She had committed no offense.

37. COLLIER was not resisting arrest or attempting to evade arrest at the time Defendant OFFICER HALEEM undertook his actions.

38. COLLIER was not a threat of flight or to anyone's safety at the time Defendant OFFICER HALEEM undertook his actions.

39. The seizure of both COLLIER herself and her property was objectively unreasonable because COLLIER was not in violation of any laws and was compliant with officers' orders.

40. Defendant OFFICER HALEEM further grabbed at, shoved, wrenched her arm, and shouted at COLLIER while COLLIER was not in violation of any laws, a second unreasonable seizure and use of excessive force. It is unreasonable for a police officer to shove and grab someone and violently wrench their arm for no reason.

41. The conduct of Defendant OFFICER HALEEM in wrongfully seizing her person and her vehicle directly and proximately caused COLLIER to suffer, without limitation, damage to property, physical injury, emotional damage, and loss of liberty.

42. The conduct described in this Count was willful and wonton and undertaken with malice, willfulness, reckless indifference, and conscious disregard for COLLIER's rights and safety.

43. Defendant OFFICER HALEEM was acting under the color of state law and in the scope of his employment at all times material to this Complaint.

WHEREFORE, COLLIER respectfully requests that this Honorable Court enter judgment in her favor and against Defendant OFFICER HALEEM for compensatory damages, punitive damages, attorney's fees and costs, and any other relief that the Court deems just and equitable.

### COUNT II: 745 ILCS 10/9-102 – INDEMNIFICATION
**Against the City of Chicago**
**(State Law Claim)**

44. COLLIER realleges paragraphs 1-29 as though fully set forth herein.

45. Defendant OFFICER HALEEM committed the acts alleged above while acting under the color of state law, while on duty, and within the scope of his employment by the CITY OF CHICAGO.

46. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

47. As a proximate cause of Defendant OFFICER HALEEM's unlawful acts, which occurred within the scope of his employment activities, COLLIER suffered physical and emotional injuries, as well as property damage to her vehicle.

WHEREFORE, should Defendant OFFICER HALEEM be found liable for any of the claims alleged in this Complaint, COLLIER respectfully requests that pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay to COLLIER any judgment obtained against Defendant OFFICER HALEEM as a result of this action.

## JURY DEMAND

COLLIER demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ Ashley N. Rodriguez

*One of Plaintiff's Attorneys*

Ashley N. Rodriguez
Daniel E. Massoglia
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
708.797.3066
ashley@first-defense.org
daniel@first-defense.org