IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANDRE COLLIER aka CARMIN COLLIER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO and ) <br> CHICAGOPOLICE OFFICER ) <br> MAHMOUD HALEEM (#14193), ) <br> ) <br> Defendants. ) | 22 C 2865 <br><br> Judge John J. Tharp <br><br> Magistrate Jeffrey Cummings |

## DEFENDANT CITY OF CHICAGO'S
## MOTION FOR ENTRY OF ORDER IN LIEU OF ANSWER

Defendant City of Chicago (the "City"), by and through one of its attorneys, moves for an entry of an order in lieu of answer for the reasons set forth below.

1. On May 31, 2022, Plaintiff filed this lawsuit (dkt. 1) naming as defendants the City, and Chicago Police Officer Mahmound Haleem (Star # 14193).

2. Plaintiff's complaint relates to a May 31, 2020, incident at the Ford City shopping mall in Chicago. Plaintiff alleges she was in the parking lot when protests addressing the death of George Floyd broke out and that police officers ordered everyone to leave the parking lot. According to Plaintiff, she was inside her vehicle and was leaving the parking lot when Officer Haleem shattered the window of her vehicle with a hammer. *See generally* Pl. Complt, dkt. 1. Plaintiff's complaint brings one count pursuant to 42 U.S.C. § 1983 against Officer Haleem for the unlawful seizure of her person and property. *Id.* at p. 4-6. In addition, Plaintiff has named the City as a defendant and brings one count under Illinois law against the City for indemnification. *Id.* at p. 6-7.

3. In Count II, the City has been sued under the indemnification of public employees statute set forth in the Local Governmental and Governmental Employees Tort Immunity Act (the "Tort Immunity Act") codified at 735 ILCS 10/9-102. Section 10/9-102 of the Tort Immunity Act,

"Payment of Claims And Judgment" provides, in relevant part,: "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay associated attorney's fees and costs) for which it or an employee while acting in the scope of his employment is liable in the manner provided in this Article." 735 ILCS 10/9-012.

4. Liability in this matter does not and cannot attach to the City unless, and until, Plaintiff proves his claims against Officer Haleem and obtains a judgment against that officer.

5. It is well established that municipalities, like the City, are a "person" and cannot be sued for federal claims under principles of *respondeat superior*. *See First Midwest Bank, Guardian of Estate of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2022). However, it is also established in the Seventh Circuit that a plaintiff, like Collier, may bring a claim against the City for indemnification contemporaneous with his § 1983 claims against police officer defendants like Officer Haleem. *See, e.g., Yang v. City of Chicago*, 137 F.3d 522 (7th Cir. 1998); *see also Griffin v. Meagher*, 2009 WL 5174684, *5 (N.D. Ill. Dec. 21, 2009)(collecting cases and stating "there is no reason why a plaintiff should not be permitted to proceed with an indemnification claim under § 10/9-102 before his actions against municipal employees are final). In other words, Plaintiff may name the City as a defendant in anticipation of proving his claims against the Individual Defendants, obtaining judgment against them, and, in turn, collecting that judgment from the City directly notwithstanding the fact that there is no basis for the City to be liable to Plaintiff in the lawsuit.

6. Here, the City's is not alleged to have engaged in any misconduct rendering it liable to Plaintiff, the constitutional violations are alleged to have been committed by Officer Haleem, and there is otherwise no basis for liability against the City under an agency theory of liability. Consequently, the City should not be obligated to answer or otherwise respond to Plaintiff's complaint, to have to commit resources in this matter to propound or answer discovery, or otherwise devote additional resources in this litigation where there is no basis for liability on the part of the City

other than potentially paying a judgment in accordance with its indemnification obligations under Illinois law. Though the City is a party, it remains a party in this case solely for purposes of indemnification as alleged in Count II of Plaintiff's Complaint.

7. There are sound and important practical reasons for the relief sought in this motion. First and foremost, the City is not liable in this case unless Plaintiff prevails against Officer Haleem. Second, the City should not be subjected to defend a lawsuit and expend resources in this matter as a nominal defendant. When litigants file suit against Chicago police officers and, likewise, name the City as a defendant solely for purposes of indemnification, the City, through its department of law, must still devote teams of attorneys to represent the individual defendants and the City itself. Joint representation by one set of attorneys is not always feasible due to conflicts or potential conflicts. For example, the incidents giving rise to § 1983 are often, if not always, the subject of disciplinary investigations by the City through its agencies tasked with investigating officer misconduct, for example the Civilian Office of Police Accountability. Attorneys tasked with representing the individual defendants may not be able to concurrently represent the City where a disciplinary investigation runs parallel to the lawsuit. Resolution of such conflicts is not easily remedied and, often, the City must task a separate lawyer or lawyers to represent the City. Conflicts too may arise during the suit, necessitating separate representation at a later stage of the litigation. This is a needless complication and drain of resources on the City where, as here, the sole claim dragging the City into the lawsuit is derivative to Plaintiff proving his claims against the individual defendant. Which, as previously stated, is not a claim of liability against the City at all but rather a convenience to enable the collection of a judgment in the event Plaintiff prevails against the individual defendant.

8. In this matter, the City admits and will not contest that the individual defendant was acting within the scope of his employment during the events occurring on May 31, 2020, and giving rise to Plaintiff's alleged claims against the individual defendant.

9. For the reasons set forth above, the City seeks entry of an order setting forth the following: (1) there is no basis for liability on the part of the City articulated in Plaintiff's complaint; (2) the City remains in this case solely for purposes of indemnification as alleged in Count II and reserves all of its defenses with respect to Count II; and (3) the city is not obligated to answer or otherwise respond to Plaintiff's complaint and is not obligated to answer or respond to discovery in this matter.

10. Courts in this jurisdiction have entered similar orders where government entities have been named in a lawsuit solely for purposes of indemnification. *See*, *e.g.*, *Dukes v. Washburn*, Case No. 21 C 3672, dkt. 81 (N.D. Ill. June 28, 2022)( entering order on behalf of Cook County); *Wilson v. Burge, et al.*, Case No. 21 C 3487, dkt. 133 (N.D. Ill. Mar. 4, 2022)(same); *Adamidis v. Cook County, et al.*, Case No. 19 C 7652, dkt. 18 (N.D. Ill. Feb. 10, 2020)(same). These orders are attached hereto as group exhibit 1.

11. Plaintiff's counsel opposes this motion. The parties propose the following briefing schedule: response due October 12, 2022; and reply due October 19, 2022.

**WHEREFORE**, the City respectfully requests the Court grant this motion and enter an order setting forth the following:

1. there is no basis for liability on the part of the City articulated in Plaintiff's complaint;

2. the City remains in this case solely for purposes of indemnification as alleged in Count II and reserves all of its defenses with respect to Count II; and

3. the city is not obligated to answer or otherwise respond to Plaintiff's complaint and is not obligated to answer or respond to discovery in this matter.

Respectfully submitted,

*/s/Gregory Beck*

Gregory Beck, Assistant Corporation Counsel Supervisor
Michele McGee, Assistant Corporation Counsel Supervisor
City of Chicago Department of Law
2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 742-5146
gregory.beck@cityofchicago.org

## CERTIFICATE OF SERVICE

I certify that I served the foregoing upon all counsel of record on September 21, 2022, by filing it with the Northern District of Illinois' electronic document filing system.

*/s/Gregory Beck*